**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

GREGORY TURNER,
        Appellant,

    v.

UNITED STATES POSTAL SERVICE,
        Agency.

DOCKET NUMBER
AT-0353-21-0103-I-1

DATE: April 16, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Gregory Turner, Memphis, Tennessee, pro se.

Cynthia R. Allen, Esquire, Memphis, Tennessee, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to VACATE the application of collateral estoppel as a basis for dismissing this appeal, we AFFIRM the initial decision's dismissal for lack of jurisdiction.

Over the years, the appellant has filed a number of Board appeals. Many were restoration appeals relating to a compensable injury. *E.g.*, *Turner v. U.S. Postal Service*, MSPB Docket No. AT-0353-10-0960-I-1; *Turner v. U.S. Postal Service*, MSPB Docket No. AT-0353-14-0838-I-1. Some others were challenges under the Veterans Employment Opportunities Act of 1998. *E.g.*, *Turner v. U.S. Postal Service*, MSPB Docket No. AT-3330-17-0026-I-1; *Turner v. U.S. Postal Service*, MSPB Docket No. AT-0330-20-0125-I-1.

In the appeal currently before the Board, the appellant's initial pleading simply alleged, "refusal to take action non communication." *Turner v. U.S. Postal Service*, MSPB Docket No. AT-0353-21-0103-I-1 (0103 appeal), Initial Appeal File (0103 IAF), Tab 1 at 3. The administrative judge issued a show cause order. 0103 IAF, Tab 4. Among other things, he explained that it was unclear what the appellant was challenging, whether it involved matters already litigated in one of the appellant's prior Board appeals, and whether it fell within the Board's limited jurisdiction. *Id.* at 2.

As the appellant responded to the administrative judge's show cause order, the appellant indicated that he spoke with agency officials in December 2020 about his continued status, off-duty. 0103 IAF, Tab 5 at 4. He alleged that his situation gave rise to multiple potential claims, such as a constructive suspension.

*Id.* at 4-7. With this pleading, the appellant attached paystubs showing that he was on leave without pay. *Id.* at 9-11.

The agency also responded to the show cause order, arguing that the instant appeal should be dismissed. 0103 IAF, Tab 6. Among other things, the agency explained that the appellant had been off work since 2014 due to a compensable injury. *Id.* at 4-5. The agency also described the burden for establishing jurisdiction over a restoration appeal and argued that the appellant had not met that burden in this appeal. *Id.* at 6-8.

The administrative judge dismissed the instant appeal based on collateral estoppel or, in the alternative, lack of jurisdiction. 0103 IAF, Tab 7, Initial Decision (0103 ID) (referencing *Turner v. U.S. Postal Service*, MSPB Docket No. AT-0353-20-0424-I-1 (0424 appeal)). The appellant has filed a petition for review. *Turner v. U.S. Postal Service*, MSPB Docket No. AT-0353-21-0103-I-1, Petition for Review (0103 PFR) File, Tab 1 at 5-7, with agency policies pertaining to reasonable accommodation attached, *id.* at 8-102. The agency has filed a response. 0103 PFR File, Tab 3.

Again, the appellant's initial filing in the instant appeal did not clearly indicate what he intended to challenge. 0103 IAF, Tab 1. As a result, the administrative judge issued a show cause order, which resulted in the appellant indicating that he contacted the agency in December 2020 about "how much longer" he will "be held out of the workplace." 0103 IAF, Tab 5 at 4. The appellant did not allege that the agency had denied a request for restoration at that time, but he did argue that his continued status off work amounted to a constructive suspension, it violated his right to due process, and it constituted harmful error. *Id.*

To the extent that the appellant was attempting to present a constructive suspension appeal stemming from the absence caused by his compensable injury, the administrative judge was correct to note that his rights and remedies are subsumed by the restoration appeal process. ID at 7; *see, e.g., Bohannon v. U.S.*

*Postal Service*, 115 M.S.P.R. 629, ¶¶ 11-12 (2011); *Kinglee v. U.S. Postal Service*, 114 M.S.P.R. 473, ¶¶ 16-22 (2010). The appellant has presented no argument to the contrary on review. 0103 PFR File, Tab 1 at 5-7.

To the extent that the appellant was attempting to present a claim that the agency has once again denied him restoration, the administrative judge correctly found that he failed to meet the corresponding jurisdictional burden. ID at 3-4, 7. In particular, the appellant failed to present nonfrivolous allegations that he recovered sufficiently to return to duty; that the agency denied his request for restoration; or that such a denial was arbitrary and capricious. ID at 7; *see Cronin v. U.S. Postal Service*, 2022 MSPB 13, ¶ 12 (describing these as among the elements required for an appellant to establish jurisdiction over a restoration appeal as a partially recovered employee). Again, the appellant has presented no substantive argument to the contrary on review. 0103 PFR File, Tab 1 at 5-7.

Although the appellant's petition does not challenge the administrative judge's findings, it does contain an explanation for his petition for review. *Id.* at 5-6. The appellant seems to assert that he believed his initial filings would suffice for purposes of getting a hearing, where he intended to identify and document "all the violations" by the agency. *Id.* at 6.

The Board has routinely recognized that pro se filings are to be construed liberally. *E.g.*, *Hosozawa v. Department of Veterans Affairs*, 113 M.S.P.R. 110, ¶ 7 (2010). Even so, we find no basis for reaching a conclusion different than the administrative judge as to the appellant failing to establish jurisdiction over the instant appeal.

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The Board does not have jurisdiction over all matters involving a Federal employee that are allegedly unfair or incorrect. *Johnson v. U.S. Postal Service*, 67 M.S.P.R. 573, 577 (1995).

Here, the appellant's instant appeal indicates that he contacted the agency in December 2020, and he remains in an off-duty status, not being paid. However, despite repeated notice of his jurisdictional burden for a restoration appeal, in this appeal and in those he has filed previously, the appellant presented nothing below or on review to meet that burden for this appeal. He has also failed to present any other reason why the Board would have jurisdiction in this appeal, where he has presented little more than bare assertions that he remains off work. For these reasons, we agree with the administrative judge's dismissal for lack of jurisdiction.[2]

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate

---

[2] As previously noted, the administrative judge also cited collateral estoppel as a basis for dismissing the instant appeal. 0103 ID at 5-6 (referencing *Turner v. U.S. Postal Service*, MSPB Docket No. AT-0353-20-0424-I-1). At the time, the appellant had an appeal pending before the U.S. District Court for the Western District of Tennessee, where it appears as if the appellant may have been attempting to challenge the decision from the earlier appeal. *Id.* Because of this, and because dismissal for lack of jurisdiction was an appropriate disposition in the instant appeal, we vacate the administrative judge's finding regarding collateral estoppel as a basis for dismissal. We need not decide whether collateral estoppel applies to the circumstances at hand. *See Hooker v. Department of Veterans Affairs*, 122 M.S.P.R. 551, ¶¶ 4, 12 (2015) (modifying a dismissal based on collateral estoppel to instead dismiss based on res judicata and, therefore, finding no reason to determine whether collateral estoppel applies); *compare Davis v. U.S. Postal Service*, 119 M.S.P.R. 22, ¶ 16 (2012) (finding that collateral estoppel did not apply where a petition for review was pending before the Board in an initial appeal at the time of a second appeal about the same issue), *overruled on other grounds by Cronin*, 2022 MSPB 13, *with Cataulin v. U.S. Postal Service*, 41 M.S.P.R. 681, 683 (1989) (finding that collateral estoppel did apply to a district court's guilty verdict for criminal charges, despite the employee's pending appeal, because that appeal was not subject to de novo review).

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.